**BERTOLDI v. McGRATH, Atty. Gen., et al.**

No. 10224

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 11, 1949.

Decided Dec. 5, 1949.

Mr. Irving Jaffe, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., appeared on the brief, for appellant.

Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, and Mr. Ross O'Donoghue, Assistant United States Attorney, Washington, D. C., appeared on the brief, for appellees.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the United States District for the District of Columbia. Appellant brought a civil action for a declaratory judgment, and the

court dismissed the complaint for failure to state a cause of action.

The plaintiff prayed that the court declare her to be an American citizen. She was born in Italy November 2, 1921. Her father entered the United States for permanent residence and was duly naturalized on September 10, 1929. At that time the plaintiff was eight years old and still lived in Italy. On April 3, 1937, when she was fifteen years old, she was lawfully admitted to the United States for permanent residence. Thereafter, she remained in the United States for more than five years.

In 1937, when the plaintiff was admitted to this country, the Naturalization Act of March 2, 1907, as amended May 24, 1934,[1] was in effect. That act provided that a child born without the United States of alien parents should be deemed a citizen of the United States by virtue of the naturalization of either the father or the mother, with two provisos. The first proviso was that the naturalization of the parent should take place during the minority of the child. The second proviso was that the citizenship of the child should begin five years after the child began to reside permanently in the United States. Thus, if that act remained in force, this plaintiff automatically became a citizen on April 3, 1942.

However, on January 13, 1941, the Nationality Act of 1940[2] became effective. It changed the provisions as to citizenship of a child born without the United States of alien parents and conditioned such citizenship upon the naturalization of both parents (if both are living) instead of only one.[3] This would deprive the plaintiff of her citizenship, unless the saving clauses in the new statute preserved it.

Section 347(a) of the Nationality Act of 1940[4] provides: "Nothing contained in either chapter III [dealing with Nationality Through Naturalization] or in chapter V of this Act, unless otherwise provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any act, thing, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the statutes or parts of statutes repealed by this Act, are hereby continued in force and effect."

The question is whether this plaintiff's partly completed process of becoming a citizen was a proceeding, act, thing, or matter done or existing on January 13, 1941, when the new act became effective. The Immigration and Naturalization Service of the Department of Justice interpreted the act in accordance with the present plaintiff's contentions.[5] The State Department in 1946 issued her a passport as an American citizen, for the purpose of a trip to Italy, and she was permitted to reenter this country as a citizen in possession of an American passport.

We are of opinion that the initial interpretation of the Department of Justice was correct. Certainly the words of the saving clause in the 1940 statute—prosecution, suit, action, proceedings, act, thing, or matter—were about as broad as language could be. They evince a clear intent on the part of Congress that the new act should take effect prospectively. We think that the act meant that rights partly accrued under the old act should not be disturbed by the new. The opposite view would be, to take an extreme illustration, that if a foreign-born child of a naturalized father had come to this country with the expectation of remaining permanently, and had been here for four years and 364 days on January 12, 1941, his slowly ripening

1. 48 Stat. 797.

2. 54 Stat. 1137, 8 U.S.C.A. § 501 et seq.

3. Sec. 314 of the Act, 54 Stat. 1145, 8 U. S.C.A. § 714.

4. 54 Stat. 1168, 8 U.S.C.A. § 747(a).

5. Official Interpretation No. 9 of the Department of Justice, Immigration and Naturalization Service, dated March 26, 1942, quoted in United States ex rel. Aberasturi v. Cain, 2 Cir., 1945, 147 F.2d 449, 451.

citizenship would have been struck down. We think that Congress intended, by the saving clause, to prevent that sort of result.

However, on January 4, 1945, the Circuit Court of Appeals for the Second Circuit handed down its decision in United States ex rel. Aberasturi v. Cain,[6] in which that court (Circuit Judge Clark dissenting) declined to adopt the interpretation of the Department and held that the relator in that case, who was in the same situation as is the plaintiff in the present case, had merely an "inchoate citizenship" during the five years of residence after entry into this country and that the saving clause did not cover such "a mere condition, unattended by any affirmative action by the alien or by anyone else." Thereafter, the Department changed its rules to accord with the decision of the court, and this change resulted in the ruling which is the subject of the present appeal.

We find ourselves in disagreement with the majority of the Second Circuit. That court said: "That 'saving clause' preserves merely the 'validity' of a 'declaration of intention, petition for naturalization, certificate of naturalization [or] of citizenship, or other document which shall be valid' on the effective day of the Act, January 13, 1941, or any 'prosecution, suit, action, or proceedings, civil or criminal, brought, or any act, thing, or matter, civil or criminal, done or existing' on that day." It seems to us that the court gave too great effect to the word "validity", which appears in the first part of the statutory provision, and not enough effect to the last clause of that provision. Reference to the full text of the statutory provision, above quoted, shows that "validity" is not used to refer to "acts, things, or matters". The statute forbids construction which would "affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this Act shall take effect". Then, continuing the sentence after a semicolon, the statute provides that it shall not be construed to "affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any act, thing, or matter, civil or criminal, done or existing, at the time this Act shall take effect". Then, after another semicolon, the statute continues: "but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the statutes or parts of statutes repealed by this Act, are hereby continued in force and effect." There seems to us no escape from the conclusion that not merely the "validity" (if that word be thought to have a narrow meaning) but the whole of any "act, thing, or matter * * * done or existing" remains unaffected by the new statute; and that, as to the whole of such acts, things, or matters, the old statutes remain in force and effect.

Further, we think that the words "thing, or matter" must be given a meaning different, at least to some extent, from "proceedings" or "act". "Thing, or matter" in this statute cannot be limited to that which is tangible or physical, because, if thus limited, the words would have no meaning here. Naturalization rights are neither tangible nor physical, and the statute deals with such rights. So, "thing, or matter" in this statute refers to rights or to some phases of rights. Moreover, quite obviously, the saving clause does not relate to rights which had been completely acquired, since the new statute in no wise purported to destroy retroactively citizenship fully acquired. So the saving clause must have referred to rights in process of acquisition.

We are of the view that the Nationality Act of 1940 did not affect the citizenship which under the prior act this appellant was "deemed" to have, and which under that prior act, because of the naturalization of her father and her action in coming to this country and remaining here, would automatically have begun to exist in full right on April 3, 1943. Thus, we think that the original administrative interpretation of the new statute was correct.

The judgment of the District Court must be and is hereby reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

6. 147 F.2d 449. Petition for writ of certiorari was not filed.