**BARBER v. YANISH et al.**
**No. 12710.**

United States Court of Appeals
Ninth Circuit.
Feb. 28, 1952.

Rehearing Denied April 4, 1952.

Chauncey Tramutolo, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal. (Morton M. Levine, Immigration and Naturalization Service, on the brief), for appellants.

Gladstein, Andersen & Leonard and Lloyd E. McMurray, San Francisco, Cal., for appellee.

Before ORR and POPE, Circuit Judges, and Goodman, District Judge.

PER CURIAM.

In October of 1948, appellee aliens filed a complaint in the District Court praying that appellant be enjoined from proceeding

with deportation hearings against appellees except in accordance with the provisions of sections 5, 7 and 8 of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

■ The court below granted appellant's motion to dismiss the complaint upon the ground that the Administrative Procedure Act, by its terms, was inapplicable to deportation proceedings. Appellees appealed. While the appeal was pending, the Supreme Court ruled that the Administrative Procedure Act was applicable to deportation proceedings. Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616.

Being bound to follow the decision of the Supreme Court, we remanded the cause to the District Court on April 24, 1950 with instructions "to grant the relief prayed for in the complaint, *or if that course is found to be unnecessary to make such other disposition of the cause as may be appropriate.*" 9 Cir., 181 F.2d 492.

After remand, appellant moved below to file an amended answer setting up facts proving that the administrative hearings had been completed and compliance with the A. P. A. was not required since the proceeding had started prior to the effective date of the A. P. A. The district court denied the motion, and, on July 25, 1950, issued a permanent injunction restraining appellant "from initiating or conducting any proceedings seeking the deportation of plaintiffs Yanish and Diaz or either of them without full and complete compliance

with the requirements of the A. P. A. 5 U.S.C. § 1001 et seq."

On September 11, 1950 appellant appealed to this Court from the order denying the motion to file this amended answer and from the order for a permanent injunction. Sixteen days later on September 27, 1950, in the Supplemental Appropriations Act for 1951, Public Law 843, 81st Cong., Congress enacted and there became effective the following statute: "Proceedings under law relating to the exclusion or expulsion of aliens shall hereafter be without regard to the provisions of sections 5, 7 and 8 of the Administrative Procedure Act, 5 U.S.C. §§ 1004, 1006, 1007." 8 U.S.C.A. § 155a.

In view of the fact that the Congress has made it mandatory that proceedings for the exclusion or expulsion of aliens, such as appellees, shall not be governed by the Administrative Procedure Act,[1] nothing remains but to remand the cause to the District Court with instructions to vacate the permanent injunction and dismiss the cause.

■ ■ Appellees' contention that this court is foreclosed from consideration of the appeal, because its prior decision, 181 F.2d 492 is res adjudicata, is unmeritorious in view of the terms of its mandate that the district court may "make such other disposition of the cause as may be appropriate." 181 F.2d 492.

Remanded with instructions to vacate the permanent injunction and dismiss the cause.

1. There is no constitutional infirmity in this change in procedure as it affects the appellees. Our former judgment was based upon a mere procedural requirement of the Administrative Procedure Act. This was a legislative, not a constitutional requirement. Ng Fung Ho v. White, 1921, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938. Neither the Act, nor this court's judgment, gave appellees any interest in such procedure which was so vested as to be immune to change by Con-

gress. Even in the field of criminal law it has long been established that changes in matters merely of procedure may be made and enforced forthwith in the trial of offenses committed prior to the new enactment. Thompson v. Missouri, 1898, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204; Mallett v. North Carolina, 1901, 181 U.S. 589, 21 S.Ct. 730, 45 L.Ed. 1015; Beazell v. Ohio, 1925, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216; 1 Cooley, Constitutional Limitations 551 (8th ed. 1927).