## NG GWONG DUNG v. BROWNELL, Atty. Gen. et al.

United States District Court
S. D. New York.
June 10, 1953.

James C. Thomas, New York City, for plaintiff.

J. Edward Lumbard, Jr., U. S. Atty., New York City, for Shaughnessy and appearing specially for Brownell, Jr., and Mackay.

William J. Sexton, Asst. U. S. Atty. (Lester Friedman, Attorney, Office of the District Counsel Immigration and Naturalization Service, U. S. Dept. of Justice, New York City, of counsel), for defendants.

WEINFELD, District Judge.

Plaintiff asks for a temporary injunction restraining defendants from detaining him

674

pending trial and disposition of his action for a declaration of citizenship. Defendants have cross-moved to dismiss his complaint.

There is no authority for bringing this sort of action.

■ Section 503 of the Nationality Act of 1940,[1] upon which plaintiff relies, was repealed by the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq.,[2] which became effective December 24th, 1952, many months before the commencement of the present action.[3] And the new Act specifically excludes from its scope actions for a declaratory judgment of citizenship where the issue arose "by reason of, or in connection with any exclusion proceeding",[4] which covers precisely plaintiff's situation. His contention that his "right" to bring an action under the old § 503 was saved by § 405(a) of the new Act is without merit. Section 405(a) clearly was not intended to save to one under a final order of deportation a method of reviewing administrative action which was not utilized before the effective date of the new Act. And the suggestion that it is unconstitutional in an exclusion case to determine the issue of citizenship administratively, and not judicially, is likewise without merit.[5]

■ Nor is the action authorized under § 10 of the Administrative Procedure Act;[6] for the Supreme Court has held that final orders of deportation may not be reviewed in the courts by bringing an action for a declaratory judgment.[7] The alien's remedy appears to be by habeas corpus upon his detention.

Plaintiff's motion for a preliminary injunction is denied. Defendant's motion to dismiss the complaint is granted. Settle order on notice.

1. 8 U.S.C.A. § 903.

2. § 403(a) (42), U.S.Code Congressional and Administrative News 1952, p. 274.

3. The action was commenced on May 1st, 1953.

4. § 360, 8 U.S.C.A. § 1503(a).

5. United States ex rel. Medeiros v. Watkins, 2 Cir., 166 F.2d 897, followed in United States ex rel. Chu Leung v. Shaughnessy, 2 Cir., 176 F.2d 249.

6. 5 U.S.C.A. § 1009.

7. Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603.