**JUNSO FUJII**
v.
**DULLES, Secretary of State.**
Civ. No. 1261.

United States District Court,
D. Hawaii.

June 23, 1954.

Fong, Miho, Choy & Chuck (Katsuro Miho) Honolulu, Hawaii, A. L. Wirin & Fred Okrand, Los Angeles, Cal., for plaintiff.

A. William Barlow, U. S. Atty., Dist. of Hawaii, Honolulu, Hawaii, Louis B. Blissard, Asst. U. S. Atty., Dist. of Hawaii, Honolulu, Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

The plaintiff has filed this timely action under Section 503 of the Nationality Act of 1940, 8 U.S.C. § 903, petitioning this court for judgment declaring him to be a citizen of the United States.

The original complaint was filed December 16, 1952, and alleged that the plaintiff was a citizen of the United States by virtue of his birth in Honolulu, T. H., on August 30, 1911, but that he left the United States on May 2, 1939, to go to Japan, and has resided there ever since. It was alleged also that from March 24, 1945, to February 8, 1946, the plaintiff served in the Japanese Armed Forces, although that service was not his free and voluntary act, and

"That quite some time ago, the Plaintiff executed a Petition addressed to the American Consular Service at Kobe, Japan * * *" for a passport, but that no action had been taken on the petition and that the "non-action and inexcusable delay" by the consulate constituted a denial of the plaintiff's rights and privileges within the meaning of 8 U.S.C. § 903.

Subsequently, on March 15, 1954, the plaintiff filed an amended complaint in which it was alleged as follows:

1. That what the plaintiff had sought on the above occasion was actually registration as an American citizen and this was done on October 17, 1952.

2. That this application was denied on November 20, 1952, when the Vice-Consul executed a Loss of Nationality Certificate relating to the plaintiff by reason of his service in the Japanese Armed Forces.

3. That such constituted a denial within the meaning of Section 903.

To both of these complaints, the defendant filed a motion to dismiss. At the hearing on the latter, the following additional facts were adduced: First, that at the time of the filing of the original complaint, the plaintiff was unaware that the Vice-Consul had, on November 20, 1952, executed a Loss of Nationality Certificate and forwarded the same to the State Department in Washington, D. C., in accordance with 8 U.S.C. § 901;[1] secondly, that on December 18, 1952, the State Department sent a telegram to the American Consul at Kobe approving a number of Certificates executed by him, one of which was the plaintiff's. (This Certificate was formally approved by the State Department March 18, 1953, and the plaintiff's application denied by the United States Consul in Kobe March 20, 1953.)

■ The original complaint depends for its validity upon the theory that the denial necessary for an action under 8 U.S.C. § 903 resulted from the "inexcusable delay" by the Consulate in processing the plaintiff's application. Section 903 states that the claimant must be denied a right or privilege as a national of the United States "upon the ground that he is not a national of the United States * * *." Without alleging such a basis for the denial, the plaintiff states no claim within the meaning of the Nationality Act of 1940, 8 U.S.C. § 903. Dulles v. Lee Gnan Lung, 9 Cir., 212 F.2d 73; Yoichi Fujii v. Dulles, Civil No. 1300, D.Hawaii, May 28, 1954. Merely alleging delay without alleging the denial to have been rested upon this ground is insufficient for the purposes of the statute, for the delay may be occasioned by reasons other than that the applicant is not a national of the United States. Jack Len Lee, Guardian ad litem for Sing Hoon Lee and Sing Yuen Lee, v. Dulles, Civil No. 1188, D. Hawaii, June 1, 1954.

While delay by the Government in granting the right petitioned for may well be, in effect, a denial of that right, this delay must have been of unreasonable duration in order to call this principle into operation. In view of the nature of these claims, and the time needed for their processing, the two-months' delay complained of here would clearly not be of unreasonable length, even if it were alleged to have been founded on plaintiff's lack of nationality—an allegation which does not appear in this original complaint.

Therefore, the original complaint fails to state a claim upon which relief can be granted, and does not effectively invoke the jurisdiction of this court.

■ The amended complaint proceeds upon the theory of an express denial. It is therein alleged that the execution on November 20, 1952, of the Loss of Nationality Certificate constituted a denial of the plaintiff's rights within the meaning of Section 903. This position is untenable and it is unnecessary to decide whether it is the execution by the Consul of this document or its approval by the State Department in Washington, D. C., which is the denial, for the Consul's action is certainly not a denial when it is uncommunicated to the plaintiff prior to the filing of the complaint. Hitaka Suda v. Dulles, Civil No. 1302, D.Hawaii, April 26, 1954.

■ Thus, the first event in this case which could conceivably qualify as a denial for the purposes of the statute is the telegraphic approval by the State Department of this Certificate on December 18, 1952, two days *after* the filing of the complaint; this allegation is sought to be added to the amended complaint supplementally. Even if this request be granted, this fact does not avail the plaintiff, because it occurred subsequent to the filing of the complaint and is ineffectual to relieve that document's invalidity or its prematurity.

1. Now Immigration and Nationality Act, § 358, 8 U.S.C.A. § 1501.

There is merit in the contention of the defendant that inasmuch as the original complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., all amendatory and supplemental material should be precluded on the ground that there is nothing in being possessing legal spark and life to be amended or supplemented, and it is sought to be added after the statutory basis for such an action has been repealed by Congress. However, this court will allow the amendments and supplements inasmuch as the amended complaint was filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and it having been held thereunder that a motion to dismiss is not a responsive pleading. Kelly v. Delaware River Joint Commission, 3 Cir., 1951, 187 F.2d 93, 94, certiorari denied, 1951, 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614; United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453.

As noted before, however, there still are no facts alleged here upon which a valid denial can be predicated prior to the filing of the original complaint.

■ In order to preserve his right of action, the plaintiff seeks to invoke the Saving Clause, Section 405 of the Immigration and Nationality Act, 8 U.S.C.A. § 1101 note. That section provides in part:

"Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed * * * to affect any prosecution, suit, action, or proceedings, civil or criminal, * * * or any * * * right in process of acquisition, * * * done or existing, at the time this Act shall take effect; * * *."

The plaintiff argues that even if the original complaint be held invalid, he still initiated a suit, action, or proceeding within the meaning of the Saving Clause and consequently the applicable provisions of the 1940 Act are continued in full force and effect.

However, the Saving Clause presupposes a *valid* suit, or a *valid* action.

Here the original complaint is a nullity, and there is in effect nothing to save.

■ The plaintiff further contends that his right of action is protected under the Saving Clause as a "right in process of acquisition". It has been held that this phrase is inapplicable to a mere *right to bring* a declaratory action under 8 U.S.C. § 903. The existence of the cause of action, without more, does not amount to a right within the meaning of the Saving Clause; it is only a remedy which Congress has the power to change or abolish. Avina v. Brownell, D.C.S.D.Tex.1953, 112 F.Supp. 15.

This court has held before in Miyoko Ishida v. Dulles, Civil No. 1250, D.Hawaii, April 21, 1954:

"And expressly on the ground of the motion to reconsider do I hold that the Saving Clause does not here avail this plaintiff for the right in the process of acquisition that this plaintiff was pursuing at the time the statute expired was a right not to a declaratory judgment of citizenship but was an administrative procedure seeking thereunder a passport. Implied in that holding is the fact that rights are to be distinguished from remedies, and that the remedy being statutory it can be obliterated by Congress at any time it sees fit, before same ripened into judgment or as preserved by a Saving Clause by reason of having been actually invoked. No judicial step was ever taken because the plaintiff was not eligible during the life of the statute to preserve the judicial remedy under the Saving Clause.

"Accordingly, the phrase 'Right in the process of acquisition' is inapplicable here * * *."

The plaintiff cites in opposition to this argument the cases of Petition of Menasche, D.C.Puerto Rico, 1953, 115 F.Supp. 434, affirmed, 1 Cir., 1954, 210 F.2d 809; and In re Jocson, D.C.Hawaii 1954, 117 F.Supp. 528; wherein the Saving Clause was held to be applicable. There

the plaintiffs had, as aliens, initiated steps toward their naturalization as American citizens under the Nationality Act of 1940 and sought approval of their petitions subsequent to its repeal. The courts held that the initiation of the process for citizenship gave to the petitioners rights in process of acquisition within the meaning of the Saving Clause, and consequently the latter continued the applicable provisions of the 1940 Act in full force and effect.

■ This court does not disagree with those principles; however, we would say that not only must affirmative action to comply with the statutory requirements be commenced, but it must be begun in a valid manner before it can be said that the plaintiff has a right-in-process-of-acquisition to which the Saving Clause can apply. See United States v. Menasche, supra. Nothing short of this will preserve a plaintiff's statutory remedy under the Nationality Act of 1940 subsequent to its repeal. Under that statute, both Jocson and Menasche validly complied with the statutory provisions necessary to the attainment of their judicial right, viz., naturalization. On the other hand, in order to obtain the judicial right subsequently sought by this plaintiff (he initially sought administrative relief only), he had to file a suit pursuant to 8 U.S.C. § 903 and in accordance with the rules of federal pleading. Failing in this, he likewise failed to acquire a right in process of acquisition which the Saving Clause in the 1952 Act would protect.

■ The Saving Clause is admittedly broad, but does not avail one such as this plaintiff who had not, prior to December 24, 1952, the date of the repeal of the Nationality Act of 1940, stated a valid claim within the meaning of Rule 8 of the Federal Rules of Civil Procedure.

■ Lastly, the plaintiff contends that the counterpart of 8 U.S.C. § 903 in the Immigration and Nationality Act (1952), i. e., 8 U.S.C.A. § 1503(a) is here applicable. This section provides in part:

"If any person *who is within the United States* claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action * * *." (Emphasis added.)

This does not help this plaintiff, because it seems clear that since the Immigration and Nationality Act (1952) provides a new statutory cause of action, this Act cannot be invoked unless an action thereunder was instituted subsequent to its enactment and while the claimant was in the United States. Teruo Tamada v. Dulles, Civil No. 1273, D.Hawaii, April 23, 1954. That decision disposes of the same contention in the instant case, since this complaint was filed before the new statutory cause of action arose.

We are aware of the existence of other questions which have only an indirect bearing on this case. One question is whether or not a plaintiff present in the United States under authority of a Certificate of Identity, issued under the old Act and Regulations, has standing to prosecute any action other than that for which his certificate was issued. 8 U.S.C. § 903, 22 C.F.R. § 50.18, et seq. Another arises under the new Act, which seems to say that in order to state a cause of action *now*, a plaintiff must show that any denial of a right or privilege as a national, on the ground that he is not a national, had occurred while he was in the United States. These, however, need not be decided here.

For the reasons herein contained, we hold that the plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, and the defendant's motion to dismiss is therefore granted.