**Petition for Naturalization of Antonio PELLEGRINI.**

United States District Court,
S. D. New York.
Dec. 27, 1954.

James F. Doyle, New York City, for petitioner.

William Kenville, New York City, Naturalization Examiner in attendance at final hearing.

DAWSON, District Judge.

This is a contested petition for naturalization. The petitioner, a native of Italy, was lawfully admitted to the United States for permanent residence on September 19, 1950. The question presented is whether the petitioner has established that he is married to a United States citizen, as required by Section 311 of the Nationality Act of 1940, 54 Stat. 1145, 8 U.S.C.A. § 711.[1]

The record shows that the petitioner was married to his wife on August 12, 1948 in Italy; that his wife was a legitimate child of Loreto Cedrone who was naturalized as a United States citizen on October 21, 1926; that his wife was lawfully admitted to the United States for permanent residence on December 21, 1936, and has continuously resided in the United States, except for a short absence during the year 1948.

The basic issue is whether petitioner's wife derived United States citizenship through the naturalization of her father, under Section 5 of the Act of March 2, 1907, as amended by Section 2, Act of May 24, 1934, 48 Stat. 797, 8 U.S.C.A. § 8.[2] This Section provided that a child born outside the United States of alien parents should be deemed a citizen of the United States by virtue of the naturalization of the father, provided that such naturalization should take place during the minority of the child, and provided further that the citizenship of such minor child should begin five years after the time such minor child begins to reside permanently in the United States. Before petitioner's wife could complete the five years' residence as required, this law was repealed by Section 504 of the Nationality Act of 1940, 54 Stat. 1172, 8 U.S.C.A. § 904, effective January 13, 1941. However, Section 347(a) of the Nationality Act of 1940, 54 Stat. 1168, 8 U.S.C.A. § 747(a)[3] contained a saving clause which provided, in part, that:

"Nothing contained in either chapter III [dealing with nationality through naturalization] * * * unless otherwise provided therein, shall be construed to affect * * any act, thing, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such * * * acts, things, or matters, the statutes or parts of statutes repealed by this act are hereby continued in force and effect."

The question is whether petitioner's wife's partly completed process of becoming a citizen was a proceeding, act, thing, or matter done or existing on

---

1. Now Immigration and Nationality Act, 1952, § 319, 8 U.S.C.A. § 1430.

2. Now Immigration and Nationality Act, 1952, § 321, 8 U.S.C.A. § 1432.

3. Now Immigration and Nationality Act, 1952, § 405, 8 U.S.C.A. § 1101 note.

January 13, 1941, when the new act became effective. As of that time, she had partly 'completed the residence requirements in the United States but had not fully completed them. However; it appears without dispute that upon completion of the residence requirements, petitioner's wife received a certificate of naturalization and also that thereafter, in 1948, there was issued to her a passport as an American citizen, for the purpose of a trip to Italy, and she was permitted to re-enter this Country as a citizen in possession of an American passport.

The Examiner of the Immigration and Naturalization Service contends that despite these facts, petitioner's wife acquired no rights to American citizenship and that, therefore, petitioner, who must rely upon his wife's citizenship in the present naturalization proceeding, has no rights therein. The Hearing Examiner relies upon the decision in United States ex rel. Aberasturi v. Cain, 2 Cir., 1945, 147 F.2d 449. It seems to the Court that this case presented quite a different problem. In that case, the relator contended that he was not subject to the draft requirements. While he was a minor, his father had been naturalized, but the relator had not completed five years' residence in the United States at the time of the repeal of the above-mentioned section by the Nationality Act of 1940. The Court held that the relator had taken no affirmative step after the repeal of the Act and that, therefore, he was not a citizen subject to the requirements of the draft.

The Court of Appeals for the District of Columbia decided, however, that on conditions much more similar to those in the instant case, the alien was entitled to a declaratory judgment that he was a citizen of the United States. Bertoldi v. McGrath, 1949, 86 U.S.App.D.C. 1, 178 F.2d 977. This decision has been followed by the Immigration and Naturalization Service in administrative proceedings regarding the issuance of certificates of naturalization.

In the present case, petitioner's wife has taken affirmative steps to confirm her American citizenship by securing a certificate of naturalization and by securing an American passport.

 It does not seem proper to use the present proceeding as a basis for a collateral attack upon the citizenship of petitioner's wife. Cf. Bindczyck v. Finucane, 1951, 342 U.S. 76, 72 S.Ct. 130, 96 L.Ed. 100. The fact that she is a citizen has been certified by the certificate of naturalization issued to her. If she is a citizen, then petitioner is entitled to naturalization.

The petition is granted.