**AIKO MATSUO, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

**No. 15746.**

United States District Court
S. D. California, Central Division.

June 22, 1955.

**712**

Wirin, Rissman & Okrand, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Aiko Matsuo seeks a decree declaring her to be a citizen of the United States. She alleges that she was born at Los Angeles, California, on January 9, 1924; that on or about June 20, 1928, she was taken to Japan by her mother; that in November, 1950, she applied at the office of the United States Consul at Fukuoka, Japan, for a passport to return to the United States as a citizen thereof; that the Consul denied her passport application, and on October 25, 1951, issued her a Certificate of the Loss of Nationality of the United States, on the ground that she had expatriated herself under Section 401(d), Nationality Act of 1940, 8 U.S.C. § 801(d).[1]

The plaintiff asserts jurisdiction pursuant to 8 U.S.C. § 903, Section 503, Nationality Act of 1940, 8 U.S.C.A. § 1503, Section 360(a), Immigration and Nationality Act of 1952 and 28 U.S.C. § 2201, Declaratory Relief Statute.

The contentions of the defendant on this motion to dismiss are: (1) that plaintiff's action will not lie under Section 503 of the Nationality Act of 1940, as that act was repealed prior to the commencement of this action, and her right to bring the action was not saved by Section 405(a) of the 1952 Act, 8 U.S.C.A. § 1101 note; (2) that the complaint fails to state a claim upon which relief can be granted, under Section 360 (a) of the Immigration and Nationality Act of 1952; that plaintiff's action will

---

1. "(d) Accepting, or performing the duties of, any office, post, or employment under the government of a foreign state or political subdivision thereof for which only nationals of such state are eligible". Now 8 U.S.C.A. § 1481(a) (4).

not lie under 28 U.S.C.A. § 2201 because of lack of jurisdiction over the person of defendant.

### Action Under Section 503 of the 1940 Act, 8 U.S.C.A. § 903.

Section 503 of the 1940 Act was repealed effective December 24, 1952, by Section 403(a) (42) of the 1952 Act. The present action was filed July 24, 1953. It is plaintiff's position that, although she did not file her action until 7 months after the repeal of Section 503 of the 1940 Act, her right to bring an action under this section was saved by Section 405(a) of the 1952 Act, note to 8 U.S.C.A. § 1101, which provides, in part, as follows: "Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time of this Act shall take effect; or to affect any prosecution, suit, action, or proceeding, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, [sic] conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect. *. * "

Plaintiff's argument is that when she was denied a passport and issued a Certificate of Loss of Nationality in 1951, she thereby acquired a "status, condition, or right in process of acquisition, particularly the latter; namely, a right to a court determination testing the validity of that denial under the law then in effect (8 U.S.C. 903).", and that, "the savings clause of the 1952 Act, in language as broad as is imaginable, preserved to her that right.". On the other hand, defendant contends that only sub-stantive rights were preserved by the savings clause of the 1952 Act; that the authorization to institute an action under Section 503 of the 1940 Act provided a remedy and not a substantive right, and therefore terminated upon repeal of that section.

Prior to 1940, actions for declaratory judgments to establish citizenship could be brought against the Secretary of State in the district of the defendant's residence (District of Columbia). Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L. Ed. 1320. By the enactment of Section 503 of the 1940 Act, Congress created a special statutory remedy to obtain a declaration of nationality. This statutory remedy did not require that actions be brought in the district of the defendant's residence, but permitted them to be brought either in the District of Columbia or in any district in which the plaintiff claimed residence. This special remedy also included a provision that if the plaintiff was outside the United States he might obtain a Certificate of Identity temporarily admitting him to this country to prosecute his action.

Plaintiff does not complain, nor can she, that refusal of her claimed right to bring an action under Section 503 would leave her without any remedy; she complains only that such refusal would leave her without a full judicial remedy in this district. A repealing statute takes away no substantive right where it simply changes the tribunal that is to hear a particular case. And this is true even though the change of tribunals relegates a plaintiff to an administrative rather than a judicial determination of his claim. Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409. Also see United States v. Ju Toy, 198 U.S. 253, 25 S.Ct. 644, 49 L.Ed. 1040. When Congress repealed Section 503, with the enactment of the 1952 Act, it created new and different remedies. What was lost to the plaintiff on repeal of Section 503. was not a substantive right, but a particular remedy.

The plaintiff argues that even if she had only a remedy and not a substantive

**714**

right under Section 503, it was the intent of Congress in enacting the savings clause, Section 405(a) of the 1952 Act to preserve that remedy. She relies on De La Rama S. S. Co. v. U. S., 344 U.S. 386, 73 S.Ct. 381, 383, 97 L.Ed. 422. In that case, the petitioner brought suit in admiralty in a Federal District Court against the United States to recover under a war risk policy issued under the War Risk Insurance Act of 1940, as amended, for the loss of a ship by enemy action. The case had not been reached for trial when the War Risk Insurance Act was repealed. The Government conceded that liability under the policy was not extinguished by repeal of that Act, but contended that by reason of such repeal, the liability could be enforced only in the Court of Claims, and not in the District Court. The precise question before the Court was whether, under a general savings statute, not only the liability but also the jurisdiction of the District Court survived repeal of the Act. In deciding this question in the affirmative, the Court stated: "As the Government fairly points out, to deny petitioner the opportunity to enforce its right in admiralty and to send it to the Court of Claims instead is to diminish substantially the recoverable amount, since in a district court sitting in admiralty interest accrues from the time of filing suit * * *, while in the Court of Claims interest does not begin to run until the entry of judgment. * * * For the Government to acknowledge the liability but to deny the full extent of its enforceability recalls what was said in The Western Maid, 257 U.S. 419, 433, 42 S.Ct. 159, 161, 66 L.Ed. 299: 'Legal obligations that exist but cannot be enforced are ghosts that are seen in the law but that are elusive to the grasp.'

"The Government rightly points to the difference between the repeal of statutes solely jurisdictional in their scope and the repeal of statutes which create rights and also prescribe how the rights are to be vindicated. In the latter statutes, 'substantive' and 'procedural' are not disparate categories; they are fused components of the expression of a policy. When the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved. Ex parte McCardle, 7 Wall. 506, 19 L.Ed. 264, is the historic illustration of such withdrawal of jurisdiction, of which less famous but equally clear examples are Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409, and Bruner v. United States, 343 U.S. 112, 72 S.Ct. 674, 581, 96 L.Ed. 1332. If the aim is to destroy a tribunal or to take away cases from it, there is no basis for finding saving exceptions unless they are made explicit. But where the object of Congress was to destroy rights in the future while saving those which have accrued, to strike down enforcing provisions that have special relation to the accrued right and as such are part and parcel of it, is to mutilate that right and hence to defeat rather than further the legislative purpose * * *."

Unlike the statute involved in the instant case, the statute repealed in De La Rama was, in the words of the De La Rama court, one of those statutes "which create rights and also prescribe how the rights are to be vindicated". In that statute the substantive right (the right to recover under the policy) and the procedural remedy (action in the District Court) "are fused components of the expression of a policy". The court stated, "Indeed, in this case the liability under the statute is not wholly saved unless that portion of the statute which gives the District Court jurisdiction also survives." The same general savings statute was involved in the De La Rama case as was involved in the Hallowell case, supra. The De La Rama court did not question the soundness of the Hallowell case; it merely distinguished it. As already noted, it was in the latter, and not in the former, that purely procedural remedies such as those in the instant case were present. Other cases which involved substantive rights as distinguished from procedural remedies were United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513

(dealing with the savings clause of the 1952 Immigration and Nationality Act) and Bertoldi v. McGrath, 1949, 86 U.S. App.D.C. 1, 178 F.2d 977 (dealing with the savings clause of the 1940 Act).

■■ There is no vested right in procedure which makes it immune to change by Congress. Barber v. Yanish, 9 Cir., 1952, 196 F.2d 53, and cases cited in footnote; Junso Fujii v. Dulles, D.C. Haw.1954, 122 F.Supp. 260; Avina v. Brownell, D.C.Tex.1953, 112 F.Supp. 15; Ng Gwong Dung v. Brownell, D.C.N.Y. 1953, 112 F.Supp. 673. Section 405(a) preserved substantive rights and not procedural remedies. The repeal of Section 503 deprived this court of jurisdiction to make a declaration of nationality in cases filed subsequent to the effective date of the repealing statute except as provided in section 360 of the Immigration Act of 1952, 8 U.S.C.A. § 1503.

Action Under Section 360(a)
of the 1952 Act, 8 U.S.C.A.
§ 1503(a).

This section reads as follows: "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28, against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and

jurisdiction over such officials in such cases is conferred upon those courts."

■ Plaintiff alleges as a conclusion that the issue of her status as a national of the United States did not arise by reason of or in connection with any exclusion proceeding. Facts pleaded show as a matter of law the contrary to be true. To state a claim upon which relief could be granted in an action under Section 360(a), it was necessary to allege that the plaintiff had claimed a right or privilege as a national of the United States and had been denied such right. The substance of her allegations respecting a claim of right as a national of the United States and denial thereof was that she was *excluded* from the United States by the defendant and his predecessors. She alleged that in 1950, while in Japan, she applied for a passport to return to the United States; that her application was denied; that a Certificate of Loss of Nationality was issued to her in October of 1951 on the ground that she had expatriated herself. Such an administrative denial of one's right to enter the United States constitutes an exclusion proceeding within the meaning of Section 360(a).

There is yet a second reason why Section 360(a) is not available to the plaintiff. Her claim of a right or privilege and the denial of her claim took place in Japan. The pertinent language of Section 360(a) reads: "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege * * *". The plain language of the statute clearly shows that claim and denial *while in the United States* is a prerequisite to relief under that section.

■ Plaintiff has not stated a claim upon which relief can be granted under Section 360(a), nor can she state such a claim under the facts disclosed in her complaint. Avina v. Brownell, supra; Ng Gwong Dung v. Brownell, supra; Vasquez v. Brownell, D.C.Tex.1953, 113

F.Supp. 722. If plaintiff is entitled to any relief, the source of such relief is to be found in Section 360(b) and (c) of the Nationality Act of 1952, 8 U.S.C.A. § 1503(b) and (c). There Congress has supplied a specific remedy for persons excluded from the United States including a provision that a final administrative determination that such persons are not entitled to admission to the United States "shall be subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise."

Action Under the Declaratory Judgments Act, 28 U.S.C.A. § 2201.

■■ "[T]he operation of the Declaratory Judgment Act is procedural only." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617. When Congress enacted section 2201, it merely "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194; Southern Pacific Co. v. McAdoo, 9 Cir., 1936, 82 F.2d 121. Section 2201 does not confer any jurisdiction on this court independent of 8 U.S.C.A. § 1503(a).

■ If we were to assume the existence of a grant of jurisdiction to bring an action for declaratory relief, other than section 1503(a), the action could not be maintained in this district. The official residence of the Secretary of State is in the District of Columbia. Connor v. Miller, 2 Cir., 1949, 178 F.2d 755; Chavez v. McGranery, D.C.Cal., 108 F.Supp. 255.

■ The complaint fails to state a claim upon which relief can be granted and will be dismissed. However, the dismissal shall not operate as an adjudication upon the merits, Rule 41(b), Fed. Rules Civ.Proc., 28 U.S.C.A., and the order shall so provide. Counsel for defendant is directed to prepare, serve and lodge a formal order pursuant to Local Rule 7.