MATTER OF SEPULVEDA

In Deportation Proceedings

A-11345658

*Decided by Board March 12, 1974*

Respondent, who was born in Mexico on December 30, 1931, of a United States citizen mother and alien father, has no claim to citizenship at birth under section 1993, Revised Statutes, since his father never became a United States citizen. Neither did he acquire citizenship under section 301(a)(7) of the Immigration and Nationality Act, which was not retroactive; nor did he derive citizenship under section 5 of the Act of March 2, 1907, as amended by the Act of May 24, 1934, since he first entered the United States in 1948 and his case is governed by the provisions of section 314 of the Nationality Act of 1940, which were then in effect and which required the naturalization of both parents.

CHARGES:

Order: Act of 1952—Sections 241(a)(1) [8 U.S.C. 1251(a)(1)] and 212(a)(17) [8 U.S.C. 1182(a)(17)]—Alien excludable at time of entry by reason of having been previously arrested and deported and not thereafter having received consent to apply for readmission to the United States.

ON BEHALF OF RESPONDENT: Gary H. Manulkin, Esquire
International Institute of Los Angeles
One Stop Immigration Center
3609 North Mission Road
Los Angeles, California 90031

This is an appeal from the immigration judge's denial of the respondent's motion to reopen. At the time of the deportation hearing, deportability was conceded. In the motion to reopen, the respondent denied deportability and requested termination of the proceedings on the ground that he is a United States citizen. The appeal will be dismissed.

The respondent's mother was born in Arizona on October 13, 1903. She married the respondent's father, a citizen of Mexico, on October 10, 1920, in Arizona. Counsel alleges in his brief that she proceeded to Mexico immediately after her marriage for a temporary visit to see relatives, and that upon her intended return to the United States in 1921, she was prevented by a border official

from reentering the country. She thereupon commenced living with her husband in Mexico, where they live together to this day. The respondent was born in Mexico on December 30, 1931. He has entered the United States numerous times. He was deported on June 22, 1965. He last entered the United States October 17, 1971 without having secured permission from the Attorney General to reapply.

The respondent claims that he acquired United States citizenship at birth by virtue of the fact that his mother is a native-born United States citizen. The law in effect on the date of birth governs acquisition of citizenship. At the time of the respondent's birth, acquisition of United States citizenship by children born abroad was limited to children of United States citizen fathers, Revised Statutes, § 1993, *Montana* v. *Kennedy*, 366 U.S. 308 (1961), *Rogers* v. *Bellei*, 401 U.S. 815 (1971). The respondent's father has never become a citizen of the United States. Accordingly, the respondent did not acquire United States citizenship at birth pursuant to Revised Statutes, § 1993.

The respondent claims that he acquired citizenship according to the provisions of section 301(a)(7) of the Act (effective December 24, 1952). This legislation was not retroactive, *Wolf* v. *Brownell*, 253 F.2d 141 (C.A. 9, 1957).

In the alternative, the respondent claims derivative naturalization as of 1948 (the date he first entered the United States), pursuant to the terms of section 5 of the Act of March 2, 1907, as amended by the Act of May 24, 1934 (48 Stat. 797).[1] He claims that his mother resumed her United States citizenship on July 2, 1940, the date of a statutory amendment which extended repatriation to native-born women who had lost their United States citizenship by marriage and who had resided continuously in the United States since the date of the marriage, 54 Stat. 715.

In order to claim citizenship by virtue of the Act of July 2, 1940, the respondent makes the following assumptions: (1) that his mother was expatriated by her marriage in 1920 to an alien; (2) that the Government is estopped from denying that she resided continuously in the United States from the date of her marriage, because it is the Government which erroneously prevented her from meeting this condition (counsel does not explain why, if the

---

[1] "Sec. 5. That a child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the father or the mother: *Provided*, That such naturalization or resumption shall take place during the minority of such child: *And provided further*, That the citizenship of such minor child shall begin five years after the time such minor child begins to reside permanently in the United States."

respondent's mother had lost her United States citizenship as per assumption (1), it was erroneous for the border official to prevent her return as a United States citizen); (3) that the respondent was residing permanently in the United States as of 1948, and that because the Government erroneously deported him, the Government is estopped from asserting that he did not reside five years thereafter in the United States; (4) that the provisions of the Act of May 24, 1934, supra, regarding derivation apply rather than the provisions of the Act of 1940. All four of these assumptions are questionable. We shall dispose of the case on the ground that the fourth assumption is erroneous. Accordingly, it will not be necessary for us to discuss the first three, and we shall not.

Derivation of citizenship through naturalization of parents is governed generally by the statute in effect on the date that the last material condition is fulfilled, *Matter of T—,* 7 I. & N. Dec. 679 (Reg. Com. 1958). An exception has been created for derivation upon completion of required residence commenced pursuant to previous law, *Bertoldi* v. *McGrath,* 178 F.2d 977 (D.C. Cir., 1949). This exception is not applicable to the respondent who had not commenced residence while the prior act (the Act of May 24, 1934) was in effect; consequently he did not have a right in process of acquisition which fell within the savings clause of the Act of 1940. In 1948, when the respondent allegedly first entered the United States, the law in effect was section 314 of the Act of October 14, 1940 (the Nationality Act of 1940), 54 Stat. 1145–1146; 8 U.S.C. 714,[2] which required naturalization of both parents unless the parents were legally separated or one was deceased, exceptions not applicable to the respondent. Even apart from the question as to whether the respondent was residing permanently in the United States in 1948,[3] he does not meet the requirement that both his parents have been naturalized. Accordingly, his claim must fail.

---

[2] "Sec. 314. A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

(a) The naturalization of both parents; or

(b) The naturalization of the surviving parent if one of the parents is deceased;

(c) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents; and if—

(d) Such naturalization takes place while such child is under the age of eighteen years; and

(e) Such child is residing in the United States at the time of the naturalization of the parent last naturalized under subsection (a) of this section, or the parent naturalized under subsection (b) or (c) of this section, or thereafter begins to reside permanently in the United States while under the age of eighteen years."

[3] Counsel implies the Government is estopped from pursuing this issue,

The respondent seeks to invoke the derivation provisions of the Act of May 24, 1934, supra, which permitted derivation of United States citizenship upon naturalization of or resumption of citizenship by only one parent. That statute provided that citizenship would begin five years after the minor child began to reside permanently in the United States. The respondent concededly did not begin to reside permanently in the United States during the period that the act was still in effect. The Government cannot be estopped from raising this point (assuming that the Government could ever be estopped) as there is no showing that before the statute was superseded by the Nationality Act of 1940 the respondent ever sought to come to the United States to reside permanently.

Consequently, the respondent's case must be governed by the provisions of the Act of 1940, the conditions of which he did not meet. It has been held that the savings clause, section 347 of the Act of 1940, fails to set forth any conditions under which citizenship may be derived after its effective date (January 13, 1941) by virtue of previous laws, *Matter of R—M—*, 2 I. & N. Dec. 536 (C.O. 1946). The exception later carved out for persons who had commenced their period of five years residence before the 1940 Act was passed, *Bertoldi* v. *McGrath, supra*, is of no benefit to the respondent because he did not commence residing in the United States while the previous act was still in effect.

Accordingly, we conclude that the respondent has not established United States citizenship. It would serve no useful purpose, therefore, to grant his motion to reopen.

**ORDER:** The appeal is dismissed.

---

although he does not claim that the respondent ever applied to live permanently in the United States and was erroneously prevented from doing so.