## In re FLEISCHMANN.

District Court, W. D. New York.

Jan. 21, 1943.

Petitioner in person.

Arthur J. Karnuth, Director of Immigration and Naturalization, and A. Talbot, Examiner, for the government.

KNIGHT, District Judge.

The petition for naturalization was filed on October 8, 1942, under the provisions of Section 325 of the Nationality Act, 8 U.S.C.A. § 725. The petitioner then had a certificate of arrival showing legal admission for permanent residence in the United States dated July 26, 1938, and he filed a declaration of intention on July 29, 1938. The record discloses that he has served upon private vessels of more than 20 tons burden, not foreign vessels, whose ports were in the United States for an aggregate of 110 months, starting May 7, 1926, and continuing within six months of the date on which he filed his petition. The service, however, was not continuous.

While eligible under Section 325(a) (2), petitioner must also comply with Section 324(c), 8 U.S.C.A. § 724(c), in order to reap the benefits of Section 324(b) (1), (2), and (3). Section 324(b) 4 applies to persons still in the required service at the time the petition is filed. Provided petitioner complies with Section 324(c), he is entitled to the exception in Section 325(a) as to residence in the United States and this State. It was to secure this benefit of Section 325(a) that caused petitioner to file under Section 325. Section 324(c) speaks of proof of petitioner's residence in the United States and State during any period within five years of the date of filing of a petition, between the periods of the petitioner's service, by verification in the petition and proof at the final hearing thereof by witnesses in the same manner as required under Section 309, 8 U.S.C.A. § 709.

It appears palpable that such "residence" in Section 324(c) only calls for such residence as may be verified and proved in the same manner as under Section 309, supra. It would do violence to the clear intent of both Section 324 and Section 325 to hold that only "legal residence" was considered in Section 324(c). If "legal residence" was intended in Section 324(c), then there would be no point in exempting the petitioner from a certificate of arrival except to save him a fee therefor. These sections were intended to relieve similarly situated petitioners of proof of ordinary legal residential requirements which the pursuit of their calling made difficult. Then, in Section 324(d) and its counterpart under Section 325, where the termination of such service has been more than six months preceding the date of filing the petition, compliance with the requirements of Section 309 is mandatory.

It appears from 324 and 325 taken together that a petitioner under Section 324 (a) is entitled to the exemption from legal residence in the United States and the State even when Section 324(c) must be further complied with. The same is true of Section 324(a) and Section 324(c), counterparts under Section 325.

Since this petition has been verified and proven by witnesses who have testified to having known the petitioner to have resided in the United States and this State since 1929, seeing him at least every two months, and more frequently in the winter periods since 1929, this court holds that Section 324(c) has been complied with and that a certificate of naturalization should be issued.

I am unable to agree with decision on the foregoing question in Petition of Gislason, D.C., 47 F.Supp. 46.