**Dominador Dimapilis AURE,**
**Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 14476.**

United States Court of Appeals
Ninth Circuit.

Aug. 9, 1955.

Jackson & Hertogs, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ORR and CHAMBERS, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

Aure is a native of the Philippine Islands and there enlisted in the United States Navy on April 10, 1946. His naval service has been continuous since that date. He first entered the United States in November, 1946, as a member of the crew of a U. S. Navy vessel and in that capacity has made numerous trips to this country, but has never been admitted for permanent residence.

On August 26, 1953, Aure filed in the District Court a petition for naturalization, claiming the exemptions of Public Law 86, 83rd Congress, enacted June 30, 1953, 8 U.S.C.A. § 1440a, as a member of the armed forces of the United States. The Designated Naturalization Examiner recommended that the petition for naturalization be denied upon the ground that the petitioner had failed to establish eligibility under the provisions of that statute. The District Court gave consideration to appellant's eligibility for naturalization not only under 8 U.S.C.A. § 1440a, but also under 8 U.S.C.A. §§ 1439 and 1440, Secs. 328 and 329 of the Immigration and Nationality Act of 1952, and concluded that admission for permanent residence is a prerequisite to naturalization under each of these three Code provisions. Accordingly the District Court denied the petition for naturalization and this appeal followed.

We agree with the District Court that if Aure's right to naturalization is dependent upon Public Law 86 or the 1952 Act, he is not entitled to relief as admission for permanent residence is specifical-

ly made a prerequisite to naturalization by Section 318 of the 1952 Act, 8 U.S. C.A. § 1429. However, in the oral argument, before this Court, Aure for the first time urged that he was eligible for naturalization under Section 324 of the 1940 Act, 8 U.S.C.A. former section 724, and that his right to naturalization under that section was saved by Section 405(a) of the 1952 Act, note to 8 U.S. C.A. § 1101.[1] Thus it is appellant's position that even though Section 324 of the 1940 Act was repealed, effective December 24, 1952, and even though he did not file his petition for naturalization until August 26, 1953, he still is entitled to naturalization under Section 324 of the 1940 Act because the savings clause section of the 1952 Act, Section 405(a), preserved to him that right. It is conceded that if appellant is eligible for naturalization under any statute, the court should allow his petition. Yuen Jung v. Barber, 9 Cir., 1950, 184 F.2d 491.

Under Section 324 of the 1940 Act, a person who had served honorably at any time in the United States Navy for a period of three years or more, might be naturalized without having resided for a period of five years in the United States prior to the filing of his petition and no declaration of intention, no certificate of arrival and no residence within the jurisdiction of the court was required. Admission to the United States for permanent residence was not a prerequisite to naturalization under Section 324. See Yuen Jung v. Barber, supra, construing similar provisions of Section 324(a) of the 1940 Act. Also see In re Jocson, D.C. Haw.1954, 117 F.Supp. 528, 530; In re Fleischmann, D.C.N.Y.1943, 49 F.Supp.

223; Petition of Gislason, D.C.Mass., 1942, 47 F.Supp. 46.

Aure being statutorily eligible for naturalization under Section 324 of the 1940 Act, the question for determination here is whether his right to naturalization under that section was saved by the provisions of Section 405(a) of the 1952 Act.

In the recent case of United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, the Supreme Court considered the question of whether an alien who filed his petition for naturalization after the effective date of the 1952 Act, had a "status", "condition" or "right in process of acquisition" acquired under the 1940 Act that was preserved by Section 405(a) of the 1952 Act. The Court noted what it referred to as the Bertoldi-Aberasturi conflict which existed prior to the effective date of the 1952 Act and expressed the view that this conflict must have been paramount in the minds of Congress when Section 405(a) was enacted. The Bertoldi case and the Aberasturi case each involved the situation of a minor child who, under the law then existing, would derivatively become a citizen upon the expiration of five-years residency. Prior to lapse of the necessary period of time, that law was repealed by the 1940 Act. Then, later, after completion of the five-years residency, the question arose as to whether by reason of the savings clause of the 1940 Act, 8 U.S.C.A. § 747 (a), citizenship should be deemed to exist. The Second Circuit in United States ex rel. Aberasturi v. Cain, 1945, 147 F.2d 449, 452, one judge dissenting, answered this question in the negative, stating, "We think that this provision does not cover a mere condition, unattended by

1. Section 405(a) provides as follows: " 'Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or

any status, condition, right in process of acquisition, act, thing liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes [sic], conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect * * *"

any affirmative action by the alien or anyone else." The Court of Appeals of the District of Columbia in Bertoldi v. McGrath, 1949, 86 U.S.App.D.C. 1, 178 F.2d 977, disagreeing with the majority in Aberasturi, answered in the affirmative, holding that at the time of repeal of the former law, the plaintiff had rights in the process of acquisition that were preserved by the savings clause of the 1940 Act. In Menasche [348 U.S. 528, 75 S.Ct. 517], the Supreme Court concluded that "Congress intended to adopt the principle of the Bertoldi case that 'the new Act should take effect prospectively.' 178 F.2d at page 978."

It should be noted that in the Menasche case the alien had taken affirmative action which brought him within the restricted qualifications of the Aberasturi case. It is significant that the Menasche court nevertheless did discuss the Bertoldi-Aberasturi conflict and did approve the less restrictive Bertoldi case. The Menasche case of course does not quite reach the situation confronting us. It holds that an alien's inchoate right to citizenship attended by an affirmative act (filing declaration of intention), is preserved by the savings clause. It also approved the Bertoldi holding that the rights to derivative citizenship, though unattended by affirmative action, were saved where only the passage of time was required for such rights to ripen into full citizenship. In the case at bar the alien did not take any affirmative action nor was the right he asserts was saved, one which, with the passage of time, would automatically ripen into full citizenship without requiring any affirmative action. Aure had acquired the right, under the 1940 Act, to be naturalized without being admitted to the United States for permanent residence, by taking the affirmative action of filing a petition for naturalization. He had not filed such a petition for naturalization prior to the repeal of the Act.

As we read the opinion in the Menasche case there is recognition by the Court of a Congressional intention to include aliens in Aure's position within the savings provisions of Section 405(a). Although the alien in Menasche had taken affirmative action by filing his declaration of intention, the Court indicated that "Menasche's residence, rather than his declaration" would have been sufficient to give rise to his rights under Section 405(a), and that "our decision could be rested on this ground". This is dictum of compelling force. Again in Shomberg v. United States, 348 U.S. 540, 543, 75 S.Ct. 509, 511, the Court stated that the alien's rights protected by Section 405(a) stem from his petition for naturalization, "and, perhaps, from his fulfillment of the five-year residence requirement". Clearly, it is the teaching of the Menasche case, and we are satisfied it was the intent of Congress, that the savings clause is not limited to cases involving affirmative action and those concerning derivative citizenship, but its preservation feature should be extended to all substantive rights existing at the time the statute creating the rights was repealed. The real test is whether the "right" which the alien seeks to have preserved by the savings clause is a substantive right, and in this regard we are mindful of the distinction between substantive rights and procedural remedies. See Hallowell v. Commons, 239, U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409; De La Rama Steamship Co. v. U. S., 344 U.S. 386, 73 S.Ct. 381, 97 L.Ed. 422; Aiko Matsuo v. Dulles, D.C.Cal.1955, 133 F.Supp. 711.

Aure, by serving three years in the Navy, was eligible for naturalization at any time while still in the service or within six months after termination of such service under honorable conditions. Unlike the situation in Hallowell v. Commons, supra, and in Matsuo v. Dulles, supra, this was a substantive right and not merely a procedural remedy. His eligibility was a "status" or "condition" which he had gained under the prior law within the meaning of Section 405(a) and by reason of that savings clause it survived the repeal of the 1940 Act.

The judgment is reversed and the case remanded to the District Court for further proceedings in accordance with this opinion.