**Petition of Stephen PAUSCHERT for Naturalization.**

United States District Court
S. D. New York.
May 2, 1956.

Steinberg, Friedman & Blau, New York City, for petitioner, Lester Friedman, New York City, of counsel.

William J. Kenville, Naturalization Examiner, Department of Justice, New York City.

LEVET, District Judge.

The issue in this contested naturalization proceeding is whether Section 405 (a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 note, supports petitioner's claim for naturalization despite his inability to establish physical presence in the United States for the required period prescribed by Section 319(a) of the Act.

The petitioner, a native and national of Hungary, was married to his wife, a naturalized citizen of the United States, on February 5, 1951 in Baltimore Maryland. Thereafter he obtained his immigration visa and was lawfully admitted to the United States for permanent residence on April 9, 1952 at Rouses Point, New York. Since his lawful admission, the petitioner has resided continuously with his wife in the United States, except for round-trip voyages as a radio operator aboard vessels flying the flags of Liberia, Panama and Denmark. Owing to these voyages, petitioner was physically absent from the United States for an aggregate period of about twenty-eight months since his lawful admission and up to the date of filing of his petition. Consequently, he was unable to establish physical presence in the United States for the required periods totaling at least half of the three years immediately preceding the date of filing his petition and, therefore, is not eligible for naturalization under Section 319(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1430(a).

However, it appears from petitioner's sworn statement that he had intended in good faith to become a citizen of the United States and had previously sought to file a declaration of intention to become a citizen, but was advised that such action was unnecessary because he was married to a United States citizen.

The requirement of physical presence in the United States was not imposed by Section 311 of the Nationality Act of 1940 and was not a prerequisite to naturalization on April 9, 1952, when the petitioner lawfully entered this country for permanent residence. Concededly, in the absence of the Immigration and Nationality Act of 1952 the petitioner would have been eligible for naturaliza-

tion pursuant to Section 311 of the Act of 1940.

Petitioner contends, and this Court now holds, that Section 405(a) of the Immigration and Nationality Act preserves his stauts under Section 311 of the 1940 Act and thereby entitles him to naturalization notwithstanding his inability to meet the physical presence requirement of the 1952 Act. Section 405 (a) provides as follows:

"(a) Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes [sic], conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect. * * *

"(b) Except as otherwise specifically provided in title III, any petition for naturalization heretofore filed which may be pending at the time this Act shall take effect shall be heard and determined in accordance with the requirements of law in effect when such petition was filed."

In interpreting Section 405(a), the Supreme Court in United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L. Ed. 615, has marked the channel which is to be followed and this Court is constrained to observe the course that has been set. The Supreme Court held that the filing of a declaration of intention to become an American citizen before the effective date of the 1952 Act was a "status," "condition" or "right in process of acquisition" preserved by Section 405(a) of the 1952 Act, and said:

"* * * It could be argued in the present case that it was Menasche's residence, rather than his filing of the declaration, which gave rise to his rights under § 405(a). And this approach would have the virtue of eliminating the inequitable treatment envisaged by the Government as regards those special groups of aliens who did not have to file declarations as a prerequisite to citizenship. But while our decision could be rested on this ground, it is sufficient here merely to refer to the provision in § 405(a), derived verbatim from § 347(a) of the 1940 Act, preserving the 'validity' of declarations of intention 'valid at the time this Act shall take effect.' " 348 U.S. at page 536, 75 S.Ct. at page 518.

The Supreme Court noted that the development of the general savings clause "manifests a well-established congressional policy not to strip aliens of advantages gained under prior laws. The consistent broadening of the savings provision, particularly in its general terminology, indicates that this policy of preservation was intended to apply to matters both within and without the specific contemplation of Congress." 348 U.S. at page 535, 75 S.Ct. at page 518.

In Aure v. United States, 9 Cir., 225 F.2d 88, it was held that Section 405(a) should not be limited to cases involving affirmative action and that the preservation feature should be extended to all substantive rights existing at the time of the repeal of the 1940 Act. This Court had occasion to pass upon the efficacy of the general savings clause in Petitions of F—G— and E—E—G, D.C.,

137 F.Supp. 782, 784, where it was held that "residence gave petitioners, so far as naturalization was concerned, a 'right in process of acquisition' prior to the effective date of the 1952 Act  *  *  *."

The petitioner, therefore, has established his eligibility for naturalization under the provisions of Section 311 of the Nationality Act of 1940 by reason of the savings clause of Section 405(a) of the Immigration and Nationality Act of 1952, and his petition for naturalization is granted.

So ordered.