Petition of Jacob KAUFTEIL.

No. 686041.

United States District Court
S. D. New York.

June 21, 1957.

Joshua S. Koenigsberg, New York City, for petitioner.

Howard I. Cohen, U. S. Naturalization Examiner, Dept. of Justice, New York City, for Immigration and Naturalization Service.

LEVET, District Judge.

The petitioner, a native of Poland and now stateless, was admitted for permanent residence in the United States on November 13, 1950, and filed his petition for naturalization on March 8, 1957. During the five years immediately preceding the date of filing his petition, he was absent from the United States for an aggregate period of more than 54 months, each single absence being less than one year. No declaration of intention was ever filed by the petitioner, but he claims that in July, 1952, he attempted to file a declaration of intention and was informed that it was not necessary. The petitioner was married on May 27, 1928 to his wife, Regina, who was naturalized on January 16, 1956. He contends that he is eligible for naturalization under the provisions of the Nationality Act of 1940, as amended, which did not impose any requirement of physical presence, and that this eligibility was preserved by Section 405(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 note.

Manifestly, the petitioner is ineligible for naturalization under the general provisions of the Immigration and Nationality Act of 1952 since he is unable to establish physical presence in the United States for at least half of the five years' residence, as required by Section 316(a) of said Act, 8 U.S.C.A. § 1427. Therefore, the issue in this matter is whether petitioner possessed a right in process of acquisition within the meaning of Section 405(a) of the Act which was preserved thereby.

Section 405(a) of the Immigration and Nationality Act of 1952, commonly referred to as the general savings clause, provides in part as follows:

"Nothing contained in this Act, unless otherwise specifically provid-

ed therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or *any status, condition, right in process of acquisition,* act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect. * * * " (Emphasis added.)

In United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615, the Supreme Court held that the filing of a declaration of intention to become a citizen of the United States before the effective date of the 1952 Act was within the phrase, "status, condition" or "right in process of acquisition," as expressed in Section 405(a) and preserved by said section.

This court had occasion to pass upon this subject in In re Pauschert's Petition, D.C.S.D.N.Y.1956, 140 F.Supp. 485, where an alien was found eligible for naturalization under Section 311 of the Nationality Act of 1940,[1] which section did not require the spouse of a United States citizen to file a declaration of intention for the purpose of eligibility. This court concluded that Pauschert's residence in the United States gave him a status under the Nationality Act of 1940 which was preserved by Section 405 (a) of the Immigration and Nationality Act of 1952.

The naturalization examiner has attempted to distinguish the Pauschert case, supra, on the ground that the petitioner there was not required to file a declaration of intention under the Nationality Act of 1940, since he was the spouse of a citizen of the United States, whereas in the instant case the petitioner was not the spouse of a United States citizen when the Immigration and Nationality Act of 1952 went into effect and, therefore, his failure to file a declaration of intention precludes him from establishing any "status, condition" or "right in process of acquisition" which can be preserved by Section 405(a). However, since the petitioner arrived in the United States for permanent residence on November 13, 1950, he would not have been eligible to file a petition for naturalization before November 13, 1955, and consequently he could not have filed a declaration of intention before November 13, 1953, because Section 331 of the Nationality Act of 1940 provided that a declaration of intention could not be filed less than two years prior to the petition for naturalization. It should be noted that a declaration of intention was no longer required on November 13, 1953. Therefore, when the Immigration and Nationality Act of 1952 took effect, the only status which the petitioner could rely upon was that created by his residence in the United States. As was stated in the case of Petitions of F— G— and E— E—G—, D.C.S.D.N.Y.1956, 137 F.Supp. 782, 784, "residence gave petitioners, so far as naturalization was concerned, a 'right in process of acquisition' prior to the effective date of the 1952 Act * * *."

Accordingly, the petitioner is entitled to naturalization under the Nationality Act of 1940 by reason of the savings clause of Section 405(a) of the Immigration and Nationality Act of 1952. The petition for naturalization is granted.

So ordered.

1. Now 8 U.S.C.A. § 1430(a).