**Matter of the Petition for Naturalization of Armando MEL.**

United States District Court
E. D. New York.
Feb. 17, 1958.
Petition No. 2271–554529.

Maxwell M. Stern, United States Naturalization Examiner, New York City, for Immigration and Naturalization Service.

Leo E. Ypsilanti, New York City, by Edward Kroin, New York City, of counsel, for petitioner.

BYERS, Chief Judge.

This matter is before the court on the objection of the Immigration and Naturalization Service to the granting of the petition filed June 12, 1956, under Section 327 of the 1952 Nationality Act, 8 U.S. C.A. § 1438.

By application dated February 12, 1957, petitioner has ·sought leave to amend the said petition to bring it under Section 317(c) of the 1940 Act.

Under date of March 26, 1957, the Acting Regional Commissioner for this region made and filed findings of fact and conclusions of law that the petitioner is an alien, and may not be naturalized under either of these statutes.

The findings of fact have not been questioned in the hearing before this court on December 19, 1957, nor in the brief filed for the petitioner, which was received together with the Government's brief on January 30, 1958.

The sole question for decision is whether the procurement of a visa by petitioner from an American consul in Milan, Italy in connection with an Italian passport previously issued to him brought him within the savings clause of the 1952 statute quoted below.

He testified before the examiner in this proceeding, concerning the procurement of that visa:

"Q. Did you ever try to get an American passport to come back to the United States after the war? A. Yes, after the war was over, I went to the American Consul in Milan in 1945 and asked him to give me an American passport as a citizen of the United States, they told me that I would have to fill out an application and then they would determine whether I had lost my American citizenship. After that I kept going to the American Consulate in Milan about twice a year, but they kept asking me for one document or another, but they never gave me anything straight. Then on December 12, 1952, they made me fill out a new application for a visa to come to the United States and have my citizenship definitely settled.

"Q. Did you fill out the application for a visa? A. Yes, they granted me a visa. (Petitioner presents Italian passport which was issued to him on June 22, 1950. It shows his admission into the United States in March, 1953 as a non-quota immigrant under Section 317(c)."

The foregoing is assumed to mean that the petitioner then asserted that his projected trip to the United States was for the purpose, as he says, of having his citizenship "definitely settled."

The petitioner was born in the United States of Italian parents who were never naturalized, on April 1, 1915. His parents returned to Italy in 1924, taking him with them. He remained in that country 29 years or until March 16, 1953; he states that thereafter (date not stated) he applied to the Naturalization Office in Detroit, but since he could not

speak English, he was told to come back when he was able to do that.

For convenience the important dates affecting the petitioner are tabulated:

| Date | Event |
|---|---|
| July 12, 1935 | He was drafted into the Italian Army and apparently released. |
| April 15, 1936 | Recalled for service. |
| May 14, 1936 | Furloughed for convalescence. |
| September 23, 1936 | Recalled for service but immediately released. |
| May 31, 1940 | Again recalled for service. |
| June 22, 1940 | Released once again. |
| January 15, 1941 | Recalled for service. |
| March 12, 1941 | Mobilized with 27th Army district. |
| April 6–18, 1941 | Participated in war operations at Italian-Yugoslav frontier. |
| May 19–June 25, 1941 | Participated in Balkan operation. |
| April 15, 1943 | Promoted to corporal. |
| August 10, 1943 | Hospitalized. |

Balance of military history unknown until April 28, 1945, when he was furloughed awaiting discharge.

| Date | Event |
|---|---|
| August 21, 1945 | Discharged. |
| December 19, 1952 | Applied to U. S. Consul for visa to come to the United States. |
| December 23, 1952 | Visa issued. |
| March 16, 1953 | Entered the United States. |
| August 8, 1953 | Returned to Italy. |
| June 21, 1955 | Reentered the United States. |
| June 12, 1956 | Filed petition for naturalization under § 327 of the 1952 Act; on the hearing his attorney conceded his ineligibility under such section because of his military service with an enemy country. |
| February 12, 1957 | He sought to amend his petition so as to be considered under § 317(c) of the 1940 Act. |

The conclusions of law, above referred to, require examination in light of the savings clause of the 1952 Act, 8 U.S.C. A. § 1101 note, upon which the petitioner relies, namely:

"§ 405(a) Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed *to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect;* or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, *or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing,* at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect. When an immigrant, in possession of an unexpired immigrant visa issued prior to the effective date of this Act, makes application for admission, his admissibility shall be determined under the provisions of law in effect on the date of the issuance of such visa. * * * " (Italics supplied.)

It is argued for the petitioner that his procurement of the visa as recited above, brings him within the italicized language, in that he thereby galvanized into being a "status, condition, right in process of acquisition," etc., sufficient to sustain his claim to the benefits of the accelerated process contemplated by Section 317, subd. c of the 1940 Act.

It is necessary to recognize the difference between entry into the United States, and the taking of a formal step to acquire the status of citizenship (or procure its recognition in a declaratory judgment suit). While the first is a prerequisite to either of the latter, it by no means ordains that either will ever be undertaken. Once entry has been effected, the *entrant retains entire freedom* of choice whether or not to pursue the objective claimed to have been asserted when he obtained his visa.

 This petitioner remained in the United States from March 16, 1953, until August of the same year when he returned to Italy and there remained for nearly two years; he returned to this country on June 21, 1955 and nearly a year later filed the petition now before the court, which he sought to amend under advice of counsel, on February 12, 1957, as has been stated.

The status and condition of the petitioner on December 23, 1952 was that of an Italian national.

No "right in process of acquisition" had then arisen, nor did it arise until over four years later when he chose to file his petition on June 12, 1956. Then the right to have his petition passed upon, came into being.

The cases cited for the petitioner will be seen to differ as to facts and circumstances, from those in this record. None of them concerns a person who was not present in the United States on December 24, 1952, when the 1952 Act went into effect.

U. S. v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615:

Here the petitioner had filed a declaration of intention, which was held not to have been rendered ineffective by absences from this country. The opinion carefully expounds the purpose of the savings clause found in the 1952 Act.

Aure v. U. S., 9 Cir., 225 F.2d 88:

Here the petitioner had served for three years in the United States Navy, which was held to create a substantive right under the 1940 Act, that was preserved by the savings clause of the 1952 Act.

Petition of Pringle, D.C., 122 F.Supp. 90, 92:

This petitioner had filed a preliminary application (Form N 400) while residing in this country. It was held that this created a "status," or "right in process," within the savings clause of the 1952 Act.

Petition of Pauschert, D.C., 140 F. Supp. 485:

Here the petitioner was married on February 5, 1951 to a naturalized citizen, in Baltimore, Maryland. He was lawfully admitted for permanent residence on April 5, 1952. That residence was held to have been preserved, despite petitioner's absence at sea caused by his calling as radio operator; and to have created a status which fell within the savings clause of the 1952 Act.

Petition of Carnavas, D.C., 155 F. Supp. 12:

This case involved the filing of Form N 400 in October of 1952, by petitioner, while residing in the United States, after having overstayed his 29 day permit issued to him while a member of a ship's crew. The filing of that form was held to have created a status within the same savings clause.

None of these cases is an authority for the granting of this petition.

■ The conclusion of law stated by the Acting Commissioner with reference to the petitioner's failure to establish any rights under Section 317(c) of the 1940 Act is understood to mean that his obtaining of a visa on December 23, 1952, did not operate to create a status, etc., within the savings clause of the 1952 Act. If that understanding is correct, the finding is approved for the reason that the right to enter the United States for which the visa is a sanction, is not to be confused with the assertion of an independent right pertaining to citizenship arising from the Nationality Act in effect at a given time, such as the effect upon a given petitioner of Section 317, Subdivision c, of the 1940 Act.

From all of which it appears that in the opinion of this court the instant petition should be and hereby is, denied.

Settle order.