Petition for Naturalization of Violette
**ROSENBAUM.**

United States District Court
S. D. New York.
March 2, 1959.

Abrams & Zuckerbrot, New York City,
Joseph Abrams, New York City, of coun-
sel, for petitioner.

Howard I. Cohen, Immigration and
Naturalization Service, New York City,
for Immigration and Naturalization
Service.

WEINFELD, District Judge.

Petitioner, a native of Hungary who has resided continuously in the United States since her lawful admission for permanent residence in 1949, filed a petition for naturalization in 1958. The Naturalization Examiner has recommended denial of her petition on the ground that she has failed to establish eligibility for citizenship either under the provisions of the Nationality Act of 1940 or the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq.

The petitioner concedes that she does not meet the requirements of section 316 (a) of the 1952 Act [1] since she was not physically present in the United States for at least half the five-year period immediately preceding the filing of her petition for naturalization.

The petitioner, however, contends that her lack of physical presence in the United States for the minimum period specified in the 1952 Act is no bar to citizenship. She relies upon the 1940 Act which did not require any fixed period of physical presence prior to filing a petition for naturalization.[2] She claims the benefit of the 1940 Act by virtue of section 405(a), the savings clause of the 1952 Act, which provides:

> "Nothing contained in this Act unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention * * * which shall be valid at the time this Act shall take effect; or to affect any * * * status, condition, right in process of acquisition * * * existing, at the time this Act shall take effect; but as to all such * * * rights * * * the statutes or parts of

statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect." [3]

The Supreme Court had occasion to consider the history of, and to construe, this savings clause in United States v. Menasche.[4] It there held that a resident alien, who, like petitioner here, did not meet the physical presence requirement of section 316(a) of the 1952 Act but who, prior to its effective date, had filed a declaration of intention to become a citizen under the then prevailing 1940 Act, had a "status", "condition" or "right in process of acquisition" which was preserved by section 405(a) despite the fact that the petition for naturalization had been filed after the effective date of the new Act.

In the instant proceeding the petitioner was admitted for permanent residence on September 7, 1949. She filed her declaration of intention on October 13, 1949 pursuant to the requirement of the then existing law, the Nationality Act of 1940.[5] That Act further provided that a petition for naturalization was effective only if filed not less than two years nor more than seven years after such declaration of intention had been made.[6]

The Government concedes that on December 24, 1952, the effective date of the 1952 Act, the petitioner had on file a valid declaration of intention and accordingly, as of that date, she had a "right in process of acquisition" within the meaning of the savings clause of the 1952 Act. However, the Government contends that her right, so preserved, was subject to all other requirements of the 1940 Act, and since her petition for naturalization was filed more than seven years

1. 8 U.S.C.A. § 1427(a): "No person, except as otherwise provided in this subchapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing his petition for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing

his petition has been physically present therein for periods totaling at least half of that time * * *."

2. Nationality Act of 1940 § 307(a).

3. 8 U.S.C.A. in note to § 1101.

4. 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615.

5. Nationality Act of 1940 § 331.

6. Nationality Act of 1940 § 332(a).

after she made her declaration of intention,[7] she forfeited her "right in process of acquisition."

In short, the Government's position is that the "right in process of acquisition" was preserved, but cum onere, and since the petitioner failed to comply with that provision of the 1940 Act which required that her petition for naturalization be filed not more than seven years after she made her declaration of intention, she was ineligible for citizenship.

I am persuaded in the light of the Menasche case and its interpretation of the Congressional purpose in enacting section 405(a) of the 1952 Act, that the Government's position cannot be upheld. The Supreme Court there found that petitioner who had filed his declaration of intention under the 1940 Act had, as a result, an "inchoate right to citizenship"[8] which was protected by section 405(a). This provision, the Court said, manifested

"* * * congressional acceptance of the principle that the statutory *status quo* was to continue even as to rights not fully matured. * * * The whole development of this general savings clause * * * manifests a well-established congressional policy not to strip aliens of advantages gained under prior laws. The consistent broadening of the savings provision, particularly in its general terminology, indicates that this policy of preservation was intended to apply to matters both within and without the specific contemplation of Congress."[9]

It is true, as the Government contends, that in the Menasche case the petitioner had met the requirements of the 1940 Act in that he had filed his petition for naturalization within seven years after

his declaration of intention, whereas in the instant case the petitioner has filed after that period. But the vital point considered by the Supreme Court, and which it deemed controlling, in finding that the petitioner had a "right in process of acquisition", was the validity of the declaration of intention on the effective date of the 1952 Act. The Court stated:

"* * * it is sufficient here merely to refer to the provision in § 405(a), derived verbatim from § 347 (a) of the 1940 Act, preserving the 'validity' of declarations of intention 'valid at the time this Act shall take effect'."[10]

As already noted, in the instant case there is no issue but that petitioner's declaration of intention was valid when the 1952 Act became effective and hence she had a "status", "condition" or "right in process of acquisition" preserved by section 405(a). The substance of the right, among other matters, permitted her absence from the United States free of the restriction of the present Act, with its mandatory requirement of physical presence for at least half of the five-year period immediately preceding the filing of the petition for naturalization. This right, a substantive one, was not defeated by the circumstance that her petition was filed more than seven years after the filing of her declaration of intention. Such declarations, with exceptions not here relevant,[11] were eliminated under the 1952 Act. Accordingly, while the petitioner's affirmative act in making her declaration, required under the 1940 Act, was not only a prerequisite to citizenship thereunder but an essential in the preservation of her rights under section 405(a) of the 1952 Act, the declaration itself, as a pre-

---

7. The date of filing the petition, October 2, 1958, was nine years after the date of filing the declaration, October 13, 1949.

8. 348 U.S. at page 539, 75 S.Ct. at page 520.

9. 348 U.S. at page 535, 75 S.Ct. at page 518.

10. 348 U.S. at page 536, 75 S.Ct. at page 518.

11. Section 334(f) of the 1952 Act, 8 U.S. C.A. § 1445(f), provides that an alien may, upon application, file a declaration of intention but it is no longer required and confers no rights upon the alien filing.

requisite to citizenship, lost all potency when the 1952 Act became effective. The lack of significance of the declaration of intention—the so-called "first papers"—is underscored by the Government's position in the Menasche case, as noted by the Supreme Court:

"The Government * * * contends, the 1952 Act has rendered such declarations [of intention] totally meaningless as far as naturalization proceedings are concerned. They are no longer a prerequisite to naturalization and they confer no special advantage on the alien-declarant." [12]

▮ Viewed against the Supreme Court's analysis of the purpose of the general savings clause, the conclusion is justified that the mere circumstance that the petitioner did not further affirmatively follow through on her "right in process of acquisition" by filing her petition for naturalization within the seven-year period did not defeat her right to claim the substance of the benefits of the 1940 Act which permitted her naturalization free of the physical presence requirement of the 1952 Act.

This view finds support in Aure v. United States.[13] There the petitioner did not meet the five-year permanent residence requirement of the 1952 Act. However he claimed the right to be naturalized free of that requirement by reason of an exception contained in the 1940 Act for persons with three years of military service. The petitioner had failed to take the one affirmative step necessary to avail himself of his rights under the 1940 Act. He had not filed the necessary petition for naturalization prior to the repeal of the Act. Nonetheless, his contention that his rights were preserved by section 405(a) of the 1952 Act was upheld. The Court stated:

"* * * Clearly, it is the teaching of the Menasche case, and we are

satisfied it was the intent of Congress, that the savings clause is not limited to cases involving affirmative action and those concerning derivative citizenship, but its preservation feature should be extended to all substantive rights existing at the time the statute creating the rights was repealed. The real test is whether the 'right' which the alien seeks to have preserved by the savings clause is a substantive right, and in this regard we are mindful of the distinction between substantive rights and procedural remedies." [14]

▮ Finally, and apart from the foregoing, I am of the view that the petitioner is entitled to citizenship by reason of a "status", "condition" or "right in process of acquisition" which follows from the conceded fact that she was a lawful permanent alien resident at the effective date of the 1952 Act. The Supreme Court, again in the Menasche case, in what has been termed "dictum of compelling force",[15] stated:

"It could be argued in the present case that it was Menasche's residence, rather than his filing of the declaration, which gave rise to his rights under § 405(a). And this approach would have the virtue of eliminating the inequitable treatment envisaged by the Government as regards those special groups of aliens who did not have to file declarations as a prerequisite to citizenship. But while our decision could be rested on this ground, it is sufficient here merely to refer to the provision in § 405(a), * * * preserving the 'validity' of declarations of intention * * *." [16] (Emphasis supplied.)

If, as this strong dictum indicates, petitioner's permanent residence gave her a "right in process of acquisition" at the effective date of the 1952 Act, it was

12. 348 U.S. at pages 535–536, 75 S.Ct. at page 518.

13. 9 Cir., 225 F.2d 88.

14. 225 F.2d at page 90.

15. Ibid.

16. 348 U.S. at page 536, 75 S.Ct. at page 518, 99 L.Ed. 615.

preserved without regard to the declaration of intention; the circumstance that her petition for naturalization was filed more than seven years after the declaration of intention is without significance and does not impair the validity of her right which was preserved under the savings clause.[17]

The petitioner's application for citizenship is granted.

Settle order on notice.

17. For other cases which, on the basis of the Menasche dictum, take the view that permanent residence gives the alien a "status", "condition", or "right in process of acquisition", see Petition of Pinner, D.C.N.D.Cal., 161 F.Supp. 337;

Petition of Kaufteil, D.C.S.D.N.Y., 152 F.Supp. 538; Petition of Pauschert, D.C.S.D.N.Y., 140 F.Supp. 485; Petitions of F— G— and E— E— G—, D.C.S.D. N.Y., 137 F.Supp. 782.