**Petition for Naturalization of Marian Hilary MEDALION.**

United States District Court
S. D. New York.
April 15, 1959.

Abrams &. Zuckerbrot, New York City, for petitioner.

David N. Ilchert, U. S. Naturalization Examiner Immigration and Naturalization Service, Long Island City, N. Y., for respondent.

CASHIN, District Judge.

Petitioner has been a permanent lawful resident of the United States since August 24, 1951. His petition for naturalization, which is recommended for denial by the Government, was filed on December 10, 1958.

Petitioner is not entitled to naturalization under the requirements of Section 316(a) [1] of the Immigration and Nationality Act of 1952, since he was not physically present in the United States for one-half of the five year period immediately preceding the filing of the petition. The position of the petitioner, however, is that the physical presence requirements of the 1952 Act do not apply to him because his mere admission for permanent residence prior to the effective date of the 1952 Act gives him a "status", "condition" or "right in process of acquisition" in existence at the time the 1952 Act became effective, and there was no specific provision in the 1952 Act otherwise.[2] Under the Nationality Act of 1940, however, it was necessary that a declaration of intention to become a

---

1. 8 U.S.C.A. § 1427(a).

2. § 405(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. in note to § 1101.

citizen be filed not longer than seven years prior to the date of the petition.[3]

In this case petitioner never filed a declaration of intent. An abortive attempt to file such a declaration was made by petitioner in January of 1953, subsequent to the effective date of the new Act. However, petitioner's attempts at such filing were rejected by the Immigration and Naturalization Office on the ground that under the 1952 Act the declaration would have no effect.

It is abundantly clear that had the petitioner filed a declaration prior to the effective date of the 1952 Act he would have had, after such date, a status preserved by the savings clause of the Act and his petition could not be denied on the grounds of the physical presence requirements of the 1952 Act (not present in the 1940 Act) even if the petition was filed more than seven years after the date of the filing of the declaration. This was the precise state of facts presented to the Supreme Court in United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615, where the petitioner was held entitled to admission to citizenship. In the Menasche case, however, the Supreme Court further stated, in a dictum, the following:[4]

> "It could be argued in the present case that it was Menasche's residence, rather than his filing of the declaration, which gave rise to his rights under § 405(a). And this approach would have the virtue of eliminating the inequitable treatment envisaged by the Government as regards those special groups of aliens who did not have to file declarations as a prerequisite to citizenship. But while our decision could be rested on this ground, it is suf-

ficient here merely to refer to the provision in § 405(a), derived verbatim from § 347(a) of the 1940 Act, preserving the 'validity' of declarations of intention 'valid at the time this Act shall take effect'."

This statement categorized as a "dictum of compelling force" in Aure v. United States, 9 Cir., 1955, 225 F.2d 88, 90, has been given effect in at least five District Court cases similar in facts to the instant case of which four were decided by the District Court for the Southern District of New York.[5]

The Government argues that in each of these cases there was some factor other than mere residence, such as the filing of a declaration of intent prior to the effective date of the 1952 Act or an abortive attempt so to do, which would give a further basis for the arising of the inchoate right argued for by petitioner.

I will not review the facts in each of the cases. However, it should be noted that in none of the cases was the additional factor expressly made controlling. In addition, in the Pinner case it was expressly stated that—

> "The only status under the naturalization laws which petitioner had on the effective date of the 1952 Act * * * was that of an alien admitted to the United States for permanent residence."[6]

Further, in the Rosenbaum case [171 F. Supp. 144], it was stated that—

> "* * * the petitioner is entitled to citizenship by reason of a 'status', 'condition' or 'right in process of acquisition' which follows from the conceded fact that she was a lawful permanent alien resident at the effective date of the 1952 Act".

3. Section 331 of the Immigration and Nationality Act of 1940, old 8 U.S.C. § 731.

4. 348 U.S. at page 536, 75 S.Ct. at page 518.

5. Petition for Naturalization of Rosenbaum, D.C.S.D.N.Y., 171 F.Supp. 141;

Petition of Pinner, D.C.N.D.Cal., 161 F. Supp. 337; Petition of Kaufteil, D.C. S.D.N.Y., 152 F.Supp. 538; Petition of Pauschert, D.C.S.D.N.Y., 140 F.Supp. 485; Petitions of F— G— and E— E— G—, D.C.S.D.N.Y., 137 F.Supp. 782.

6. 161 F.Supp. at page 341.

I, therefore, hold that the lawful permanent residence of the petitioner commencing prior to the effective date of the 1952 Act, which residence has continued to date, vested in him a "status" in the nature of an inchoate right to citizenship which can be presently availed of despite the fact that no declaration of intent or other affirmative circumstance is present, and despite the fact that he does not meet the physical presence requirement of the 1952 Act.

The petitioner's application for citizenship is granted.

Settle order.